## Pyne vs. Van Bergen.

PRACTICE — DEFAULT — MOTION TO NONSUIT. Where in an action of trespass on the case the defendant suffers a default, he cannot raise the objection by a motion for a nonsuit, that the action should have been trespass and not case, and thus defeat the action, as the default of the defendant admitted a cause of action that the plaintiff was entitled to some damages, and the proper method of raising the objection to affect the amount of damages is by objection to the testimony offered, or by a motion to set aside the inquisition.

ERROR to the District Court for *Dane* County
The case is stated in the opinion of the court.
*A. L. Collins* and *T. W. Sutherland*, for plaintiff in error.
*John Catlin*, for defendant in error.

MILLER, J.   The defendant in error instituted this suit against the plaintiff in error, and declared in case for set-

ting fire to stubble on defendant's own land, which fire communicated to the barn of plaintiff and consumed it. For want of a plea, defendant's default was entered, and a jury was called to assess the damages. After the testimony for the plaintiff was received, the defendant raised the objection to the form of action, that it should have been in trespass and not in case, and moved the court for a nonsuit, which motion was overruled, and this is the only assignment of error.

It is the settled law of this court, that after the jury is sworn and any testimony given, the court cannot order a peremptory nonsuit, against the consent of the plaintiff. But even without this rule, the district court could not comply with the request of the defendant, for this was merely an assessment of damages after a default, and not a trial upon an issue. By the default the action was taken as confessed, and the plaintiff was entitled to some damages, however inconsiderable. If there was improper or irrelevant testimony offered, which had a tendency to enhance the damages, the defendant should have objected to it, and taken the proper advantage of any such alleged error, by a bill of exceptions, or a motion to set aside the inquisition.

The judgment of the district court must be affirmed.